799 So.2d 461 (2001)
STATE of Louisiana
v.
Questa WALKER.
No. 2000-K-3200.
Supreme Court of Louisiana.
October 12, 2001.
PER CURIAM:
Granted. The decision of the court of appeal is vacated in part to the extent that it amends respondent's sentences from consecutive to concurrent terms of imprisonment, and the sentences as originally imposed by the trial court are reinstated. Although La.C.Cr.P. art. 883 favors imposition of concurrent sentences for crimes committed as part of the same transaction or series of transactions, a trial court retains the discretion to impose consecutive penalties in cases in which the offender's past criminality or other circumstances in his background or in the commission of the crimes justify treating him as a grave risk to the safety of the *462 community. State v. Williams, 445 So.2d 1171, 1182 (La.1984); State v. Carter, 412 So.2d 540, 546 (La.1982). Respondent's commission of his present crimes, involving possession of a loaded, semi-automatic handgun and 27 bags of cocaine, while on probation for an earlier crime which also involved narcotics and which also occurred in the same general area as his present crimes, provided the trial court with an articulable and particularized basis for concluding that respondent was a dangerous repeat offender who merited consecutive terms of imprisonment. Even as originally imposed, respondent's consecutive penalties remain significantly less than the maximum term of 30 years imprisonment at hard labor he could have received as a second offender on the drug conviction alone. On appellate review of sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Cook, 95-2784, p. 3. (La.5/31/96), 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). In all other respects, the decision of the court of appeal is affirmed.