# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-837


**STATE OF LOUISIANA**

**VERSUS**

**TIMOTHY VOLLM, JR.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 03-324
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard
Ezell, Judges.

**AFFIRMED IN PART, AMENDED IN PART, AND REMANDED WITH
INSTRUCTIONS.**

Charles C. Foti, Jr.
Attorney General
Kristi D. Hagood
Assistant Attorney General
Julie E. Cullen
Assistant Attorney General
Post Office Box 94005
Baton Rouge, LA   70804-9005
(225) 326-6000
COUNSEL FOR APPELLEE:
        State of Louisiana

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Timothy Vollm, Jr.**

**Timothy Vollm, Jr.**
**Forcht Wade Correctional Center**
**7990 Caddo Drive**
**Keithville, LA 71047**

AMY, Judge.

The defendant pled guilty to charges of obstruction of justice, aggravated burglary and theft in excess of five hundred dollars and two charges of attempted first degree murder. He was sentenced to thirty-two years for each of the attempted first degree murder charges; the sentences were ordered to be served consecutively. He was also sentenced to five years for obstruction of justice and fifteen years for aggravated burglary; these sentences were imposed concurrently with the attempted first degree murder charges. The defendant appeals, asserting that his sentence was unconstitutionally excessive. For the following reasons, we affirm in part, amend in part and remand with instructions.

**Factual and Procedural Background**

According to the factual basis presented by the State at the guilty plea hearing, during the early morning hours of April 10, 2003, the Grant Parish Sheriff's Office received a complaint regarding a suspicious truck near a construction site. While on patrol between midnight and 1:00 a.m., Grant Parish Deputies Kenny Chandler and Danny Hebert stopped a truck in the area carrying a load of lumber. The truck was driven by the defendant, Timothy Vollm, Jr. During the course of the stop, the defendant pulled out a gun and began shooting at the officers. Deputy Chandler was shot twice, one bullet missing his aorta by an eighth of an inch. The State's presentation of facts indicates that the defendant then turned and began chasing Deputy Hebert as Deputy Chandler crawled to the cover of a tree line near the road. Deputy Hebert, who had sustained a gunshot to the right arm at very close range, also retreated to the woods as the defendant followed and continued shooting at him. As the defendant fled the scene through the woods, Deputy Hebert called for help.

The defendant then broke into the residence of Shandon Ferrier, which is where police found him hiding in a closet. Police also found a gun, which was later determined to have been used in the shooting, as well as a bottle of prescription pills bearing the name of the defendant's mother on the top shelf of the same closet.

The defendant was charged on June 5, 2003 by bill of information with two counts of attempted first degree murder, violations of La.R.S. 14:27 and La.R.S. 14:30; one count of obstruction of justice, a violation of La.R.S. 14:130.1; one count of theft in excess of five-hundred dollars, a violation of La.R.S. 14:67; and one count of simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. On July 10, 2003, the defendant pled not guilty to all charges. On September 11, 2003, the simple burglary charge was amended to aggravated burglary, a violation of La.R.S. 14:60. The defendant was not arraigned on the aggravated burglary charge. On January 20, 2004, the defendant entered a plea of guilty on all charges without a specific plea agreement.

The defendant was sentenced on March 18, 2004 as follows: 1) attempted first degree murder - thirty-two years at hard labor, on each count, without the benefit of probation, parole, suspension of sentence, or good time eligibility, to run consecutively; 2) obstruction of justice - five years at hard labor; 3) aggravated burglary - fifteen years at hard labor. The sentences for obstruction of justice and aggravated burglary were ordered to run concurrent with the sentences for attempted murder. A Motion to Reconsider Sentence was filed on March 26, 2004. The motion was denied on April 2, 2004. A Motion for Appeal was granted on April 7, 2004.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, the court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find there are three errors requiring correction.

First, the trial court failed to impose a sentence for the defendant's conviction of theft of a thing valued in excess of $500.00. The defendant was formally charged with that offense and entered a guilty plea as charged. Our review of the record does not reveal that this charge has ever been withdrawn. Therefore, we remand this case to the trial court for imposition of a sentence on the defendant's conviction of theft in excess of five hundred dollars.

Additionally, the trial court failed to state that the sentences on the convictions of obstruction of justice and aggravated burglary were to be served at hard labor. Although the minutes of the sentencing hearing indicate that the trial court did state that the sentence was to be served at hard labor, the trial court simply imposed sentences of five years for obstruction of justice and fifteen years for aggravated burglary.

The penalty provision for aggravated battery, La.R.S. 14:60, requires that the sentence be imposed at hard labor.[1] Furthermore, section (B)(2) of La.R.S. 14:130.1, the applicable penalty provision for obstruction of justice in this case also requires that the sentence be imposed at hard labor.[2] Therefore, because the trial court did not

---

[1] Louisiana Revised Statutes 14:60 states in relevant part: "Whoever commits the crime of aggravated burglary shall be imprisoned *at hard labor* for not less than one nor more than thirty years." (Emphasis added.)

[2] Louisiana Revised Statutes 14:130.1(B)(2) states: "When the obstruction of justice involves a criminal proceeding in which a sentence of imprisonment necessarily at hard labor for any period less than a life sentence may be imposed, the offender may be fined not more than fifty thousand

3

indicate that the sentence was to be served at hard labor, they are illegally lenient. Louisiana Code of Criminal Procedure Article 882(A) states in relevant part: "An illegal sentence may be corrected . . . by an appellate court on review." Under the authority of Article 882, we amend the sentence imposed by the trial court to indicate that the sentences for the convictions of aggravated burglary and obstruction of justice be served at hard labor.

Finally, our review reveals the minutes of the sentencing hearing require correction. The minutes of the sentencing hearing indicate that all sentences were imposed without the benefit of probation, parole or suspension of sentence. Additionally, they indicate that all sentences were imposed without good time eligibility. The transcript of the sentencing hearing, however, indicates that the trial court imposed only the attempted first degree murder sentences without benefits and denied good time eligibility solely on those offenses as well. When the minutes conflict with the transcript, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied,* 00-2051 (La. 9/21/01), 797 So.2d 62. Consequently, we remand this matter with instructions to the trial court to amend the minutes of the sentencing hearing to reflect that the attempted first degree murder sentences are to be served without the benefit of probation, parole or suspension of sentence and without good time eligibility; the other sentences were not imposed with the prohibition of those benefits.

*Excessive Sentence*

In his sole assignment of error, the defendant contends that the trial court erred in that it imposed consecutive sentences although the crime was a single incident or

---

dollars, or imprisoned for not more than twenty years *at hard labor*, or both." (Emphasis added.)

4

course of conduct, resulting in a constitutionally excessive sentence for this first felony offender.

Pursuant to La.Code Crim.P. art. 881.1(E), in order to raise a claim of excessiveness on appeal, a defendant must include the specific grounds upon which a motion to reconsider is based.[3]

> However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.

*State v. Mims*, 619 So.2d 1059, 1059-60 (La.1993). The defendant did not present the issue of the consecutive nature of his sentences in his Motion to Reconsider, which only generally alleged that his sentence was excessive.[4] Therefore, on review, the defendant is relegated to a bare claim of constitutional excessiveness. *Id.*

A sentence is unconstitutionally excessive if it is so grossly disproportionate to the severity of the offense that it shocks one's sense of justice or amounts to no more than a purposeless and needless infliction of pain and suffering. *State v. Day*, 02-1039 (La.App. 3 Cir. 2/5/03), 838 So.2d 74. A sentence that is within the

---

[3] La.Code Crim.P. art. 881.1(E) states: "Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

[4] The defendant alleged the following in his Motion to Reconsider:

> Petitioner contends to [sic] that the sentence is excessive under LSA-C.CR.P. Article 894.1. The purpose of LSA-C.CR.P. Article 894.1 is to prevent the imposition of excessive punishment. The incident that occurred was the result of circumstance[s] unlikely to reoccur again. This was the only offense wherein defendant committed a violent crime. The defendant is deeply remorseful for the acts he committed. The sentence he received in all probability will result in life in prison.

5

statutory limits may only be set aside if there has been a manifest abuse of discretion by the sentencing judge. *State v. Willis,* 36,198 (La.App. 2 Cir. 8/14/02), 823 So.2d 1072, *writ denied,* 03-919 (La. 4/8/04), 870 So.2d 262. "On appellate review of sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion." *State v. Walker*, 00-3200, p. 2 (La. 10/12/01), 799 So.2d 461, 462.

Louisiana Code of Criminal Procedure Article 883 states in relevant part: "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently *unless the court expressly directs that some or all be served consecutively*." (Emphasis added.) The Louisiana Supreme Court has recognized that although concurrent sentencing is favored, it is within the trial judge's discretion to impose sentences consecutively based on factors including the defendant's criminal record, the severity or violent nature of the crimes, or the danger the defendant poses to the public. *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So.2d 49.

Where the trial court does impose consecutive penalties, it "must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1" *State v. Merritt*, 03-946, p. 28 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, 97 (*quoting State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040, *writ denied*, 03-1917(La. 6/25/04), 876 So.2d 823). At the sentencing hearing, the trial court stated for the record:

> Mr. Vollm, Article 894.1 of the Code of Criminal Procedure ... is ... provides the sentencing guidelines. One of the chief things that is

6

going on in this court's opinion is that number (3) ... it's A ... Section A(3), a lesser sentence will deprecate the seriousness of the defendant's crime. Sir ... is ... I listened to heartfelt statements from the two officers involved. Is ... the court will note that an attack on a police officer is a blow at the very fabric of our society. It is a blow against the established border of all that stands between us and anarchy. Is ... you shot and attempted to kill and came very close to murdering two police officers who were doing nothing more than their job, and, in fact, trying to be nice to you. Is ... you rewarded their efforts by shooting them. One, shot him in the back. The other one, you almost nearly killed Deputy Chandler. Is ... accordingly, I am taking into consideration the fact that you used a weapon, a violent offense, the seriousness of the offense. I am also taking into account your record, which has no serious convictions on it. If you had a previous felony conviction, Mr. Vollm, I would be sentencing you to a total of, I believe it's 135 years that you could be, that you could be serving. However, for each charge of attempted murder in the first degree, I sentence you to 32 years at hard labor without benefit of probation, parole or suspension of sentence and no good time. Those sentences are consecutive.

The trial judge articulated a consideration of the factors set forth in *Thomas*, stating a clear justification for his exercise of his discretion to impose consecutive penalties. The trial judge also clearly designated that the sentences be served consecutively, as required by La.Code Crim.P. art. 883. Thus, the imposition of consecutive sentences by the trial court was not an abuse of its sentencing discretion.

Furthermore, the penalty for attempted first degree murder of a peace officer is a minimum of twenty and a maximum of fifty years to be served at hard labor and without the benefit of parole, probation or suspension of sentence. La.R.S. 14:27 (D)(1)(b). The sentences of thirty-two years per charge do not shock our senses, nor do they seem disproportionate to the severity of the offense. The record reflects that the defendant shot two police officers, one while he was attempting to flee, after committing theft, a crime of which he had been convicted of on two prior occasions and arrested for a total of six times. Therefore, we conclude the imposition of consecutive sentences in the amount of thirty-two years per crime was not an abuse

7

of the trial court's discretion and did not create an unconstitutionally excessive sentence.

## DECREE

For the foregoing reasons, the consecutive thirty-two-year sentences of the defendant, Timothy Vollm, Jr., for attempted first degree murder are affirmed. The conviction of the defendant is remanded to the district court for sentencing on the charge of theft of a thing valued in excess of $500.00. Furthermore, we affirm the five-year sentence for the obstruction of justice conviction and the fifteen-year sentence for the aggravated burglary conviction, but we amend each sentence to reflect that the term is to be served at hard labor. We also remand to the trial court with an order to amend the minutes of sentencing to reflect that only the attempted first degree murder sentences were imposed without the benefit of probation, parole or suspension of sentence and without good time eligibility; the sentences imposed for the obstruction of justice conviction and the aggravated burglary conviction did not contain a prohibition on these benefits.

**AFFIRMED IN PART, AMENDED IN PART, AND REMANDED WITH INSTRUCTIONS.**