# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1599

STATE OF LOUISIANA

VERSUS

DEMARCO D. HAWKINS

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 04-1636 AND 04-1702
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and James T. Genovese, Judges.

**AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
       **Demarco D. Hawkins**

**Bradley R. Burget**
**First Assistant District Attorney**
**Seventh Judicial District**
**4001 Carter Street, Suite 9**
**Vidalia, LA 71373**
**(318) 336-5526**
**Counsel for Appellee:**
       **State of Louisiana**

**DECUIR, Judge.**

The Defendant, Demarco D. Hawkins, pled guilty to two counts of simple burglary of an inhabited dwelling, violations of La.R.S. 14:62.2, and seventeen counts of theft of a firearm, violations of La.R.S. 14:67.15. He was sentenced to twelve years at hard labor on each count of simple burglary of an inhabited dwelling, the sentences to run concurrently to one another and the first year to be served without benefit of probation, parole or suspension of sentence, and to ten years at hard labor on each count of theft of a firearm, the sentences to run concurrently to one another, but consecutively to the sentences for simple burglary of an inhabited dwelling. The Defendant lodged this appeal arguing that the trial court erred in ordering consecutive sentences and that the consecutive sentences are excessive.

## FACTS

On June 9, 2004, the Defendant broke into the homes of Ronnie and Johnnie Hendricks and Ronnie Carroll, taking numerous items from the homes. During the investigation of the crimes, an undercover confidential informant purchased a gun from the Defendant that had been taken from the Hendricks' home. A search warrant was issued to search the Defendant's home, and several items from the burglaries were found in the home. The Defendant was subsequently arrested, charged, and convicted for the crimes herein.

## ASSIGNMENT OF ERROR NO. 1

By this assignment of error, the Defendant argues that the trial court erred in ordering consecutive sentences when the theft of firearms occurred inside one of the dwellings, all on the same day during the same episode.

Louisiana Code of Criminal Procedure Article 883 states, in pertinent part, "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of

imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." As noted by this court in *State v. Vollm*, 04-837, p. 6 (La.App. 3 Cir. 11/10/04), 887 So.2d 664, 669, "The Louisiana Supreme Court has recognized that although concurrent sentencing is favored, it is within the trial judge's discretion to impose sentences consecutively based on factors including the defendant's criminal record, the severity or violent nature of the crimes, or the danger the defendant poses to the public. *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So.2d 49." *See also State v. Walker*, 00-3200 (La. 10/12/01), 799 So.2d 461.

The factors to be considered in ordering consecutive sentences were addressed by this court in *State v. Merritt*, 03-946, pp. 28-29 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, 97-98 as follows:

> "[I]n cases involving offenders without prior felony record, concurrent rather than consecutive sentences should be imposed, particularly where the convictions arise out of the same course of conduct. *State v. Jacobs*, 383 So.2d 342 (La.1980); *State v. Cox*, 369 So.2d 118 (La.1979)." *State v. Brown*, 627 So.2d 192, 199-200 (La.App. 3 Cir. 1993), *writ denied*, 93-3101 (La. 3/18/94), 634 So.2d 850.
>
> Imposition of consecutive sentences requires particular justification. *State v. Dunbar*, 94-1492 (La.App. 3 Cir. 5/31/95), 657 So.2d 429. "[T]he trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1." *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040.
>
>> Among the factors to be considered are the defendant's criminal history, *State v. Ortego*, [382 So.2d 921, *cert. denied*, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980)]; *State v. Jacobs*, 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, *State v. Adams*, 493 So.2d 835 (La.App. 2d Cir. 1986), *writ denied*, 496 So.2d 355 (La.1986); the viciousness of the crimes, *State v. Clark*, 499 So.2d 332 (La.App. 4th Cir. 1986); the harm done to the victims, *State v. Lewis*, 430 So.2d 1286 (La.App. 1st Cir. 1983), *writ denied*, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, *State v. Jett*, 419 So.2d 844 (La.1982); the defendant's apparent disregard for the

2

> property of others, *State v. Parker*, 503 So.2d 643 (La.App.
> 4th Cir.1987); the potential for the defendant's
> rehabilitation, *State v. Sherer*, 437 So.2d 276 (La.1983);
> *State v. Lighten*, 516 So.2d 1266 (La.App. 2d Cir.1987);
> and whether the defendant has received a benefit from a
> plea bargain, *State v. Jett, supra*; *State v. Adams, supra*.
>
> *State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d
> 1218, 1247-48, *writ denied*, 00-1572 (La. 3/23/01), 787 So.2d 1010.

Relying on *Merritt*, this court in *Vollm*, 887 So.2d 664, reviewed the record to determine whether the trial court articulated a particular justification for imposing consecutive sentences beyond the standard sentencing guidelines set forth in La.Code Civ.P. art. 894.1. This court concluded that the trial judge articulated a consideration of the factors set forth in *Thomas*, stating a clear justification for exercising his discretion to impose consecutive sentences for two charges of attempted first degree murder.

In *State v. Runyon*, 05-36 (La.App. 3 Cir. 11/2/05), 916 So.2d 407, *writ denied*, 06-667 (La. 11/17/06), 942 So.2d 526, the defendant received consecutive sentences for second-degree murder and attempted second-degree murder that involved the stabbing of two victims. This court did not address whether or not the trial court ***articulated*** a particular justification for imposing consecutive sentences, but, instead, referred to the factors to consider in determining whether consecutive sentences are appropriate, as set forth in *Walker*, 799 So.2d 461. The *Walker* court focused on ". . . the offender's past criminality or other circumstances in his background or in the commission of the crimes to justify treating him as a grave risk to the safety of the community." *Id*. at 461-62. Because of the violent nature of the offenses and the defendant's threat to society, this court, in *Runyon*, concluded that the trial court did not abuse its discretion.

3

In his brief to this court, the Defendant maintains that the trial court did not state any reasons for imposing consecutive sentences, and thus, the failure to do so requires this court to vacate the sentences and remand for resentencing. We disagree with the Defendant's assertion, noting the trial court reasons for ruling as follows:

> The Court, of course, as pointed out by one of the attorneys, has sat through one trial involving a co-defendant and sat through a substantial part of the trial involving Mr. Hawkins. The Court recalls Mr. Hawkins basically tendering his plea of guilty when it became apparent that some of his cohorts were about to testify against him.
>
> The record reflects that Mr. Hawkins has prior offenses as reflected by the presentence report. He has a history of felony theft, history of simple burglary. The egregious nature of the offense and the personal affect on the victims in this matter as pointed out by Mr. Burget, these are not commercial items. These are not five and ten cent dime store items or Wal-Mart items. These were items that involved personal memories, some of departed family members. Mr. Hawkins' refusal, constant refusal, to cooperate, to mitigate the loss to these victims, and the serious nature of the offense and this history compels the Court, Mr. Hawkins, to give you a serious sentence in this matter.
>
> The Court feels that a term of about 22 years would be proper. . . .

Although the offenses were not crimes of violence as those described in the jurisprudence, the Defendant had a past history of felony theft and simple burglary. The trial court also expressed its concern that the Defendant had not cooperated to mitigate the loss to the victims, resulting in an extensive emotional loss to the victims. Further, the Defendant demonstrated a disregard for the victims' property. Accordingly, we find that the trial judge articulated a particular justification for imposing consecutive sentences.

## ASSIGNMENT OF ERROR NO. 2

By this assignment of error, the Defendant argues that the imposition of consecutive maximum sentences resulted in excessive sentences. This court has set forth the following standard to be used in reviewing excessive sentence claims:

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant pled guilty to two counts of simple burglary of an inhabited dwelling, violations of La.R.S. 14:62.2, and to seventeen counts of theft of firearms, violations of La.R.S. 14:67.15. The penalty for simple burglary as stated in La.R.S. 14:62.2 is one to twelve years at hard labor, without benefit of parole, probation or

5

suspension of sentence. The penalty for theft of a firearm as provided in La.R.S. 14:67.15 is two to ten years, with or without hard labor, without the benefit of probation, parole or suspension of sentence and a fine of one thousand dollars. Thus, the Defendant received the maximum sentences for the offenses. However, the sentences for simple burglary were ordered to run concurrently to each other, as were the sentences for theft of a firearm. Therefore, the total time of imprisonment, twenty-two years, is significantly less than the possible total maximum penalty allowed.

In his brief to this court, the Defendant asserts that the crimes were not vicious, that no violence was involved and that he has no history of violent crimes. Also, the Defendant admits that he has had problems with drugs in the past and maintains that he has a great potential for rehabilitation. Lastly, the Defendant contends that he does not pose an unusual risk of danger to the public and has accepted responsibility for his crimes and apologized to the victims for the pain he caused.

As noted in assignment of error number one, the trial court adequately stated for the record the mitigating and aggravating circumstances taken into account in determining the Defendant's sentences. Although the Defendant eventually apologized to the victims for his crime at the hearing on his motions to reconsider sentence, the trial court observed that he had not cooperated in mitigating the damage caused to the victims. Accordingly, we find that the Defendant has not shown that the sentences imposed by the trial court were unconstitutionally excessive, considering the circumstances of his case and the background of the Defendant.

For the foregoing reasons, the Defendant's sentences are affirmed.

**AFFIRMED.**