# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1556


**STATE OF LOUISIANA**

**VERSUS**

**CORY REGINALD SHEPHERD**


************

## APPEAL FROM THE
## FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OF CALCASIEU, NO. 17479-06
## HONORABLE ROBERT "RICK" BRYANT, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, Louisiana 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Cory Reginald Shepherd**


**John F. DeRosier**
**District Attorney – Fourteenth Judicial District**
**Paul P. Reggie, Assistant District Attorney**
**Carla S. Sigler, Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
 **State of Louisiana**

**GENOVESE, Judge.**

On October 5, 2006, the Defendant, Cory Reginald Shepherd, was indicted for attempted first degree murder, aggravated burglary, armed robbery, theft of a firearm, possession of a firearm by a convicted felon, and accessory after the fact. On March 4, 2008, the Defendant pled guilty to the amended charge of aggravated battery, a violation of La.R.S. 14:34, armed robbery, a violation of La.R.S. 14:64, and possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. In addition to amending the attempted first degree murder charge to aggravated battery, the State agreed to recommend a ten-year sentence on the charge of aggravated battery, a twenty-two-year sentence, without benefit of parole, probation, or suspension of sentence, for armed robbery, and a ten-year sentence, without benefit of probation, parole, or suspension of sentence, for possession of a firearm by a convicted felon, with the sentences to run concurrently. The State entered a *nolle prosequi*[1] on the remaining charges of aggravated burglary and theft of a firearm.

On March 19, 2008, the trial court sentenced the Defendant, as recommended, to twenty-two years at hard labor, without benefits, on the armed robbery conviction, and to ten years at hard labor, without benefits, on the conviction of possession of a firearm by a convicted felon, both sentences to run concurrently with each other. However, on the aggravated battery conviction, the trial court deviated from the recommendation and ordered the Defendant to serve an eight-year sentence, without benefits, to run *consecutively* to the Defendant's other two sentences. The Defendant filed a *pro se* Motion to Reconsider Sentence. Following a hearing, the motion was denied.

---

[1]*Black's Law Dictionary* defines *nolle prosequi* as "[a] legal notice that a lawsuit or prosecution has been abandoned." Bryan A. Garner, *Black's Law Dictionary* (8th ed. 2004).

The Defendant subsequently filed a *pro se* notice of his intent to seek an appeal which was granted by the trial court. Following the lodging of the appeal under docket number 08-1220, the matter was remanded to the trial court for an evidentiary hearing to determine whether the Defendant was entitled to court-appointed counsel for the purposes of appeal or whether the Defendant made an intelligent and voluntary waiver of counsel after the trial court informed him of the dangers and disadvantages of self-representation. Following a hearing before the trial court on December 3, 2008, the Louisiana Appellate Project was appointed to handle the Defendant's appeal. The case was lodged under the new and present docket number, 08-1556.

The Defendant is now before this court on appeal, asserting that the trial court erred in ordering the aggravated battery sentence to be served consecutively, thereby resulting in an excessive sentence. For the following reasons, we affirm the Defendant's sentence in its entirety.

## FACTS

The following facts were established at the Defendant's guilty plea hearing. On August 5, 2006, the Defendant, a convicted felon, entered the home of the "60-some-year-old" victim. While in the victim's home, the Defendant armed himself with the victim's pistol and shot the victim in the chest below the right nipple. The Defendant then fled from the victim's home with the victim's pistol and wallet.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant argues that the trial court erred in ordering his sentence for aggravated battery to be served consecutively, thereby resulting in an excessive sentence. The Defendant asserts there was only one victim

2

and one incident in this case, and, as part of the plea agreement, the State and the Defendant agreed to the recommendation of concurrent sentences on all the charges for a total of twenty-two years at hard labor. The Defendant also stresses that he does not have a violent criminal history, that he was not armed when he entered the victim's home, and that he has a past history of substance abuse. Lastly, the Defendant maintains that the trial court did not articulate particular justification for ordering consecutive sentences.

In *State v. Hawkins*, 06-1599, pp.1-2 (La.App. 3 Cir. 5/2/07), 956 So.2d 146, 148-49, *writ denied*, 07-1156 (La. 12/7/07), 969 So.2d 627, this court discussed the appropriateness of ordering consecutive sentences as follows:

> Louisiana Code of Criminal Procedure Article 883 states, in pertinent part, "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." As noted by this court in *State v. Vollm*, 04-837, p. 6 (La.App. 3 Cir. 11/10/04), 887 So.2d 664, 669, "The Louisiana Supreme Court has recognized that although concurrent sentencing is favored, it is within the trial judge's discretion to impose sentences consecutively based on factors including the defendant's criminal record, the severity or violent nature of the crimes, or the danger the defendant poses to the public. *State v. Thomas*, 98-1144 (La.10/9/98), 719 So.2d 49." *See also State v. Walker*, 00-3200 (La.10/12/01), 799 So.2d 461.

The court in *Hawkins* also addressed the factors to be considered in ordering consecutive sentences. First, the court noted that the imposition of consecutive sentences requires particular justification which must be articulated beyond the standard factors considered in the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. Next, the court observed a host of factors identified by various courts across the state to be considered in making such a determination. These factors were compiled by the second circuit in *State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir.

3

4/5/00), 756 So.2d 1218, 1247-48, *writ denied*, 00-1572 (La. 3/23/01), 787 So.2d 1010 (citations omitted), as follows:

> [T]he defendant's criminal history; the gravity or dangerousness of the offense; the viciousness of the crimes; the harm done to the victims; whether the defendant constitutes an unusual risk of danger to the public; the defendant's apparent disregard for the property of others; the potential for the defendant's rehabilitation; and whether the defendant has received a benefit from a plea bargain.

In reaching its decision to order consecutive sentences in the instant case, the trial court stated:

> Well, I'm changing the sentence. I read the report thoroughly. This is one of the worst cases I've read. Walked in the house and shot a man lying in his bed through his heart. How he didn't die, I don't have a clue. And then you robbed him and you - - I mean, it's one of the most vicious cases this Court has seen in a while.

At the hearing on the Defendant's motion to reconsider sentence, the Defendant asked the trial court to impose concurrent sentences, because it was his first aggravated charge. The Defendant also stressed that the victim had agreed to the sentence recommendation.

The trial court responded, "I didn't agree with it because you walked in the man's house, he's sleeping in bed, and you shot him in the heart, and he nearly died." The Defendant then asserted that the shooting was an accident. The State interjected that it totally disagreed with the Defendant's recitation of the facts and objected to what it deemed to be a "ridiculous" motion. The trial court reiterated that it did not have to accept the recommendation and that after listening to the facts, it felt that the recommendation was too lenient. The trial court added, "I thought that your actions were violent. I articulated my reasons for that. You're lucky it was amended down from attempted murder to aggravated battery. I think the sentence is justified, and I'm not going to reconsider my sentence."

4

There are several cases in the jurisprudence wherein consecutive sentences were ordered for offenses arising out of a common scheme or plan. In *State v. Leyva-Martinez*, 07-1255 (La.App. 3 Cir. 4/30/08), 981 So.2d 276, *writ denied*, 08-1200 (La. 1/30/09), 999 So.2d 747, the defendant raped a woman and then stole her vehicle. He was later found guilty of aggravated rape and carjacking and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence for aggravated rape, and to ten years at hard labor for carjacking, to run consecutively to his sentence for aggravated rape.

In *Hawkins*, 956 So.2d 146, the defendant burglarized two homes during a single day. He pled guilty to two counts of simple burglary of an inhabited dwelling and was sentenced to twelve years on each count to run concurrently to one another. For the seventeen counts of theft of a firearm, the defendant was sentenced to ten years at hard labor on each count, the sentences to run concurrently to one another, but consecutively to the sentences for simple burglary of an inhabited dwelling.

In *State v. Runyon*, 06-823 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330, the defendant received consecutive sentences for his convictions for manslaughter and aggravated battery, thirty years and ten years respectively, which arose out of the same course of conduct. In affirming the consecutive sentences, the court observed that the defendant initiated a violent attack of four armed men against two unarmed men in which the first victim was killed. Additionally, the court noted that the defendant exhibited little or no remorse.

In the instant case, the trial court articulated several factors for imposing consecutive sentences, including the dangerousness and viciousness of the crime and

5

the harm done to the victim. Additionally, the trial court noted the fact that the Defendant derived a significant benefit from his plea agreement, thereby greatly reducing his sentencing exposure. Prior to his plea, the Defendant faced a maximum possible sentence of fifty years without benefit of parole, probation or suspension of sentence for attempted first degree murder. La.R.S. 14:27 and 14:30.[2] As such, we find that the trial court adequately and appropriately expressed its reasons for imposing consecutive sentences and, thus, did not abuse its discretion.

## DISPOSITION

The Defendant's sentence is affirmed in its entirety.

**AFFIRMED.**

---

[2]The charges of aggravated burglary and theft of firearm were *nolle prosequied*. This decision, however, was not part of the Defendant's plea agreement, and thus, the benefit received from same is not considered herein.