NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 12-490

STATE OF LOUISIANA

VERSUS

PHILIP A. GERACI

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 81411
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED WITH INSTRUCTIONS.

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
     Philip A. Geraci

**Asa Allen Skinner**
**District Attorney, Thirtieth Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Terry Wayne Lambright**
**118 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**EZELL, Judge.**

On May 25, 2011, the Defendant, Phillip A. Geraci, was charged by bill of information as follows:

> Count 1: Pornography involving juveniles, in violation of La.R.S. 14:81.1;
>
> Count 2: Obscenity, in violation of La.R.S. 14:106;
>
> Count 3: Sexual battery, in violation of La.R.S. 14:43.1;
>
> Counts 4, 5, and 6: Oral sexual battery, in violation of La.R.S. 14:43.3;
>
> Counts 7 and 8: Felony carnal knowledge of a juvenile, in violation of La.R.S. 14:80; and
>
> Count 9: Molestation of a juvenile, in violation of La.R.S. 14:81.2.

On December 7, 2011, the Defendant entered a plea of guilty to Count 3 – sexual battery, Count 4 – oral sexual battery, and Counts 7 and 8 – felony carnal knowledge of juvenile. On Counts 3 and 4, the State agreed to run the sentences concurrently with each other. The State also agreed to run concurrently the sentences on Counts 7 and 8. The remaining charges were dismissed.

The Defendant was sentenced on February 7, 2012. On Counts 3 and 4, the Defendant was sentenced to five years at hard labor on each count, without benefit of parole, probation, or suspension of sentence, to run concurrently with each other. On Counts 7 and 8, the Defendant was sentenced to eight years at hard labor on each count, to run concurrently with each other and consecutively to his sentences on Counts 3 and 4. He was also ordered to pay a fine of $1,500 plus court costs on each count. A pro se motion to reconsider sentence filed on February 16, 2012, was denied with written reasons on February 27, 2012.

The Defendant is now before this court arguing that his sentences are excessive.

## FACTS

The following facts were recited by the State at the time of the Defendant's guilty plea:

> Your Honor, in bill of information number 81,411, count three, that on or about March the 29th and April the 1st of 2011, this defendant did commit the offense of sexual battery by using his fingers to touch the genitals of a child who had the initials of B.E., who is -- age at that time of fourteen years old at the time of the commission of the sexual battery and that there was more than three -- he was more than three years older than the victim -- and the child in this case who is age fourteen. On March the 28th of 2011, in count number four -- this all occurring in Vernon Parish also -- both of those counts, Your Honor. On March the 28th of 2011, that he did commit the act of oral sexual battery in that this defendant did perform oral sex on the child, B.E., who was age fourteen at the time -- not the spouse of the, the defendant and had not attained the age of fifteen at the time and there was at least three years younger than the defendant in violation in that charge of 14:43.3. In count number seven, that on or about April the 4th of 2011, commit the offense of carnal knowledge by engaging in vaginal sexual intercourse with the same female whose initials are B.E., who was age fourteen at the time and there was more than four years age difference. That, in count number eight, on or about April the 6th, 2011, commit the offense of carnal knowledge of a juvenile by engaging in vaginal sexual intercourse with the female whose initials are B.E., who was age fourteen at the time. There was more than four years age difference in between her and the defendant -- both of those counts, seven and eight, in violation of Louisiana Revised Statute 14:80. All these offenses occurring in Vernon Parish, Your Honor. And, this defendant would go pick up the, the victim and take her to locations in his vehicle, and, and they would have these acts that occurred on these dates as alleged in the bill of information.

## ERRORS PATENT AND ASSIGNMENT OF ERROR NUMBER TWO

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent which encompasses assignment of error number two. The minutes of sentencing are in need of correction. When the transcript and court minutes conflict, the transcript prevails. *State v. Colton*, 07-252 (La.App. 3 Cir. 10/31/07), 968 So.2d 1239, *writ denied*, 07-2296 (La. 4/25/08), 978 So.2d 364.

The court minutes fail to include that the trial court, as part of the sentence imposed for the convictions of felony carnal knowledge of a juvenile, ordered the Defendant to pay of fine of $1,500 on each count plus court costs. Additionally, the Defendant, as an assigned error, correctly points out that the minutes of sentencing erroneously indicate the trial court denied probation, parole, and suspension of sentence on the convictions of felony carnal knowledge of a juvenile when the transcript does not.

Furthermore, the Defendant, as an assigned error, points out that the minutes of sentencing do not clearly indicate that counts three and four were ordered by the trial court to run concurrently to one another. Louisiana Code of Criminal Procedure Article 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

The transcript of the sentencing proceeding indicates the trial court ordered counts three and four to run concurrently. Therefore, the trial court is ordered to amend the minutes of sentencing to accurately reflect the transcript of the sentencing proceeding.

### ASSIGNMENT OF ERROR NUMBER ONE

By this assignment of error, the Defendant argues that considering the mitigating factors presented, the sentences imposed were excessive. The Defendant also asserts that the trial court failed to make an analysis of factors detailed in *State v. Hawkins*, 06-1599 (La.App. 3 Cir. 5/2/07), 956 So.2d 146, *writ denied*, 07-1156 (La. 12/7/07), 969 So.2d 627.

Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to set forth the specific grounds on which a motion to reconsider may be based. Failure to include a specific ground upon which a motion to reconsider sentence may be based "shall preclude . . . the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." *Id.* In the present case, although the defendant generally raised the issue of excessiveness in his motion to reconsider sentence, he failed to specifically allege that the trial court failed to consider the factors of La.Code Crim.P. art. 894.1. Accordingly, because that claim was not specifically set forth in his motion to reconsider, it cannot be reviewed in this appeal, *State v. Landry*, 09-260 (La.App. 3 Cir. 11/4/09), 21 So.3d 1148, *writ denied*, 09-2577 (La.5/21/10), 36 So.3d 229, and our review of the defendant's sentence is restricted to his bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993).

The sentencing court has broad discretion in imposing penalties for criminal convictions:

A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted). "The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

*State v. Prejean*, 10-480, pp. 2-3 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 251-52.

In the instant case, the Defendant's pro se motion to reconsider sentence did not raise the issue of mitigating factors.[1]  Rather, the Defendant's argument focused on his claim that concurrent sentences should have been imposed.  The Defendant stated that he did not wish to challenge his convictions but instead the method in which his sentences were to be served.  The Defendant requested that all of his sentences be ordered to run concurrently with each other as the offenses stemmed from incidents involved in a relationship, although inappropriate.  Accordingly, the claim regarding consideration of mitigating factors will be reviewed.

The maximum possible sentence for the crimes of sexual battery and oral sexual battery is ten years, with or without hard labor.  La.R.S. 14:43.1(C)(1) and La.R.S. 14:43.3(C)(1).  As such, the Defendant's five-year hard labor sentence for both offenses was one-half of the maximum possible sentence.  Further, the sentences were ordered to run concurrently.  Felony carnal knowledge of a juvenile also carries a maximum possible sentence of ten years and a fine of up to $5,000.  La.R.S. 14:80.  Accordingly, the trial court's imposition of eight years at hard labor and a fine of $1,500 on each count was less than the maximum possible sentence and fine.  Again, the Defendant benefitted from concurrent sentences.  In sum, the maximum total sentencing exposure after pleading guilty to these four offenses was forty years; thus, the Defendant's total sentence of thirteen years was much less than half of the total possible sentence.

---

[1] With regard to the Defendant's motion, the trial court noted: "In spite of its lack of formality [the motion was in a letter form and did not comply with the requirements of La.Code Crim.P. Articles 912, 914, and 914.1], the documents [sic] clearly shows the intent of the defendant to seek appellate review of his sentence on appeal based upon grounds of excessiveness.  In order for such an appeal to be filed, the defendant must first raise the issue in a motion to reconsider sentence under Article 881.1.  The Court will consider this filing as such a motion to reconsider sentence under that article."

The Defendant also received a significant benefit as a result of his plea agreement. Prior to his plea agreement, he faced nine felony charges; thus, his total sentencing exposure was substantially reduced.

At sentencing, the trial court stated:

I considered the factors of Article 894.1 of the Code of Criminal Procedure and found that the following were applicable: First, there was significant economic -- excuse me -- emotional harm caused to the victim and the family of the victim in this case. The entire family has been affected in multiple ways, whether it's a sibling or a parent, and there may be a need for counseling at least by the victim in this case. There are no substantial grounds which would tend to excuse or justify his criminal conduct. This defendant was in his forties at the time these offenses were committed. He had a family and he had served in the United States Army on two separate enlistments. The defendant did not act under strong provocation by the victim. Certainly, -- she is fourteen years of age and, and, certainly, didn't provoke any of this. It appears that this defendant at this time is remorseful for what he did. The court is not really sure whether this remorse is something that is genuine about his actions or rather that he had now been caught and prosecuted for this. He's forty-three years of age at this point. He is -- he has three children and he is going through a divorce, or either is divorced at this time. He is in fair health. He does have knee and back issues. He has served in the United States Army on two separate enlistments and in-between did lawn care service for quite a long time. He has a high school education and he had -- he is classified as a first felony offender. As I noted earlier, he's -- he has substantially benefitted from this plea agreement in that other felony grade sex offenses were dismissed as part of the plea agreement; thus, reducing significantly his exposure as far as sentencing goes in this case.

In its written reasons for denying the Defendant's motion to reconsider sentence, the trial court stated:

The crimes were not all the same act but rather were separate dates and escalated in their seriousness. Because of this the Court felt that each time the defendant made a conscious decision to commit each crime, this makes each punishable on its own.

For these reasons, the Court felt that the more serious offenses of Carnal Knowledge of a Juvenile deserved to be made consecutive to the other offenses.

A recent summary of the applicable law regarding the imposition of consecutive sentences is found in *State v. Compton*, 11-68, p. 30 (La.App. 3 Cir. 6/1/11) 66 So.3d 619, 642, *writ denied*, 11-1362 (La. 12/2/11), 76 So.3d 1177 (quoting *State v. Shepherd*, 08-1556, pp. 3-4 (La.App. 3 Cir. 6/3/09), 11 So.3d 729, 731-32) (alteration in original):

> In *State v. Hawkins*, 06-1599, pp. 1-2 (La.App. 3 Cir. 5/2/07), 956 So.2d 146, 148-49, *writ denied*, 07-1156 (La.12/7/07), 969 So.2d 627, this court discussed the appropriateness of ordering consecutive sentences as follows:
>
> > Louisiana Code of Criminal Procedure Article 883 states, in pertinent part, "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." As noted by this court in *State v. Vollm*, 04-837, p. 6 (La.App. 3 Cir. 11/10/04), 887 So.2d 664, 669, "The Louisiana Supreme Court has recognized that although concurrent sentencing is favored, it is within the trial judge's discretion to impose sentences consecutively based on factors including the defendant's criminal record, the severity or violent nature of the crimes, or the danger the defendant poses to the public. *State v. Thomas*, 98-1144 (La.10/9/98), 719 So.2d 49." *See also State v. Walker*, 00-3200 (La.10/12/01), 799 So.2d 461.
>
> The court in *Hawkins* also addressed the factors to be considered in ordering consecutive sentences. First, the court noted that the imposition of consecutive sentences requires particular justification which must be articulated beyond the standard factors considered in the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. Next, the court observed a host of factors identified by various courts across the state to be considered in making such a determination. These factors were compiled by the second circuit in *State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied*, 00-1572 (La.3/23/01), 787 So.2d 1010 (citations omitted), as follows:

> [T]he defendant's criminal history; the gravity or dangerousness of the offense; the viciousness of the crimes; the harm done to the victims; whether the defendant constitutes an unusual risk of danger to the public; the defendant's apparent disregard for the property of others; the potential for the defendant's rehabilitation; and whether the defendant has received a benefit from a plea bargain.

Although the convictions herein arguably arose out of a situation in which concurrent sentences are favored, particularly for a first felony offender, the trial court articulated its reasons for imposing consecutive sentences, over and above the sentencing requirements of La.Code Crim.P. art. 894.1. In reconsidering the Defendant's sentence, the trial court focused on the gravity of the offense, finding that the offenses occurred on separate dates, that they escalated in seriousness, and that the Defendant made a conscious decision each time he committed an offense. *See State v. Shepherd*, 08-1556 (La.App. 3 Cir. 6/3/09), 11 So.3d 729. Accordingly, the trial court did not abuse its discretion when it ordered the sentences in counts three and four to run consecutively to the sentences in counts seven and eight.

## CONCLUSION

The Defendant's sentences are affirmed. Also, the trial court is instructed to amend the sentencing minutes to accurately reflect the transcript of sentencing.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.