719 So.2d 49 (1998)
STATE of Louisiana
v.
Consuela Gaines THOMAS.
STATE of Louisiana
v.
Gordon Ray THOMAS, Jr.
No. 98-K-1144.
Supreme Court of Louisiana.
October 9, 1998.
PER CURIAM[*].
Granted in part. The decision of the court of appeal is reversed only to the extent that it amends the consecutive sentences imposed by the district court on counts one and three to concurrent terms, and the penalties as originally imposed by the trial court are reinstated. Although Louisiana law favors concurrent sentences for crimes committed as part of a single transaction, La.C.Cr.P. art. 883; State v. Underwood, 353 So.2d 1013, 1019 (La.1977), a trial judge retains discretion to impose consecutive penalties on the basis of other factors, including the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community. State v. Williams, 445 So.2d 1171, 1182 (La.1984); State v. Jacobs, 371 So.2d 727, 732-33 (La.1979) (on reh'g). In this case, the assault planned and executed by the defendant outside the St. Landry Parish Courthouse endangered deputies, court personnel, and the public alike. The defendant compounded the risk to the general public by *50 fleeing with her husband and eluding capture for eight days. These circumstances provided the trial court with the particular justification for imposing consecutive sentences. On appellate review of sentence, the relevant question is "`whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, ___ U.S. ___, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). In this context, a trial court "abuses its sentencing discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes `punishment disproportionate to the offense."' State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608 (quoting State v. Sepulvado, 367 So.2d 762, 767 (La.1979)) (emphasis added). Even granting the consecutive nature of the penalties imposed on all three counts, the defendant's total sentence remains within the 35 to 50 year range this Court has found acceptable for first offenders convicted of armed robbery. See, e.g., State v. Nealy, 450 So.2d 634, 640 (La. 1984); State v. Walker, 449 So.2d 474 (La. 1984); State v. Dunns, 441 So.2d 745, 746 (La.1983); State v. Huntsberry, 439 So.2d 432, 433 (La.1983).
LEMMON and JOHNSON, JJ., dissent from the per curiam and would deny the writ.
NOTES
[*] TRAYLOR, J., not on panel. See Rule IV, Part 2, § 3.