# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1187


**STATE OF LOUISIANA**

**VERSUS**

**KARL THIBODEAUX**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 62584
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## ELIZABETH A. PICKETT
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for State-Appellee:**
  **State of Louisiana**

**Patricia A. Thomas**
**Attorney at Law**
**205 Charity Street**
**Abbeville, LA 70511-0142**
**(337) 893-6082**
**Counsel for Defendant-Appellant:**
  **Karl Thibodeaux**

**Pickett, Judge.**

<u>FACTS</u>

The defendant was indicted by a grand jury in Acadia Parish on three counts of molestation of a juvenile, in violation of La.R.S. 14:81.2, on September 5, 2002. On September 11, 2002, the defendant entered pleas of not guilty to all charges by written motion. On November 11, 2004, the defendant withdrew his plea of not guilty and entered pleas of guilty to all charges.

At the time of the plea, the stated recitation of facts outlined only the elements of La.R.S. 14:81.2, with the preface that the defendant, during the year 2002, committed the offenses. However, the record indicates that the defendant claimed that the three minor victims would walk around naked, and that when one of them called him into the back bedroom, all were lying on the bed with no underwear on. He stated that he then started playing around with them. He claimed to be under stress and depressed at the time. He admitted touching the victims with his fingers and rubbing his penis on their private parts, but denied penetration. He claimed that his activities with one of the children occurred over a year, and with the other two over a six-month period.

One of the victims indicated that the molestation occurred over a five-year period. One of the minor victims was mentally handicapped, and could not offer much information. She did, however, advise that the defendant would make her eat soap from the wrong spot. When questioned as to what was the wrong spot she stated, "with the pee." All victims were related to the defendant by marriage.

The mother of one of the victims testified that when her daughter would try to stop the defendant's advances he would slap her. The mother of the other two victims

1

testified that one of her daughters "failed school the first year that this happened," and "she'll crumble to the floor," when she sees the defendant, even in a public location. The child continues to perform poorly in school.

As to her mentally challenged daughter, a teenager, she testified that the child still "poos her pants," still wets the bed and draws pictures of penises at school. Also, after three years from the incidents, the child does "sexual acts" with stuffed dolls and stuffed animals. She testified that the defendant would threaten to hurt the girls if they tried to leave the room. She further explained that the defendant told the girls that their mother knew about what he was doing and "our kids thought that we knew this and that we would allow this."

The pre-sentence report was offered into evidence in lieu of calling any additional witnesses. The state offered the exhibit and, in response, defense counsel acknowledged that there was no need to call the probation officer stating that his testimony would be repetitive. She further acknowledged that there were no inaccuracies in the report.

The pre-sentence report also indicated that the defendant plead guilty in federal court to the charge of False Statement in Acquisition of a Firearm on March 10, 2004. This occurred following his arrest but prior to his plea in the instant case on November 11, 2004.

Dr. Bob Winston, a psychiatrist, testified at the sentencing hearing and was accepted as an expert in the field of psychiatry. He began treating the defendant in June 2002 and found the defendant to be depressed and suicidal. During treatment, the defendant admitted committing the crimes with which he was charged and expressed remorse for them.

2

The doctor stated that in his opinion, the defendant was not a sexual predator. He stated that ". . . these were incidents in an isolated period of time. They do not reflect an ongoing pattern of behavior." He opined that of all the patients he had seen who had molested children, the defendant seemed to be the one least likely to "do this again."

Samuel Joseph Fuselier, a licensed clinical social worker, was also called by the defense and qualified as an expert. He had counseled the defendant twice a month since July 1, 2002, for depression. He also indicated his belief that the defendant is unlikely to become a recidivist, basing his opinion on the fact that no other incident had occurred in the three years since the incidents had happened.

The defendant testified that depression and financial stress drove him to do what he did. He admitted to a conviction in the federal system for a firearms violation. He denied telling the children that their parents already knew about what he was doing, or threatening them. He testified that the girls instituted the inappropriate behavior when all three were together, stating that they already had their panties off. He blamed these acts on the depression, and a bad marriage with no expression of love.

On March 28, 2005, the defendant, after a sentencing hearing at which extensive testimony was taken, was sentenced to serve ten years on each of the three counts. The sentences were ordered to run consecutively. The defendant was also recommended for sex offender counseling.

On April 5, 2005, defense counsel filed both a Motion for Appeal and Designation of the Record, and a Motion to Reconsider Sentence. The motion to reconsider sentence was denied on April 6, 2005.

3

The only issue presented on appeal is whether the sentence is constitutionally excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## DISCUSSION

The only error assigned is the asserted constitutionally excessive sentence. The defendant's argument seems to be four-part: 1) There was no benefit to him since there was no plea agreement; 2) the court did not articulate its reasons or take into consideration the factual basis; 3) the consecutive sentences are contrary to accepted procedure; and 4) mitigating evidence was ignored.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question, is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

4

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The supreme court, in *State v. Mims*, 619 So.2d 1059 (La.1993), held:

> If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.

*Id*. at 1059-60.

In response to the argument that the defendant received no benefit from a plea agreement, it should be noted that this court stated in *State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101:

> The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. *State v. Robinson*, 33,921 (La.App. [2002-0707 La.App. 3 Cir. 9] 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992). In addition, the trial court may

consider other criminal activity which did not result in a conviction. *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854, *writ denied*, 00-2751 (La.6/29/01); 794 So.2d 824.

There was no plea bargain from which the defendant benefitted. The plea to three counts of the offense, however, given his own admission that the offenses spanned a year with one victim, and six months with the other two, was beneficial. One victim said the offenses occurred over a five-year period. Although the defendant pled to each offense charged, he faced the potential of numerous other counts being charged if he forced the victims to trial.

*Williams*, 839 So.2d 1095, 1100, does not urge that the lack of a benefit by plea bargain should result in a reduced sentence. It is only to be used as an additional consideration to those provided in La.Code Crim.P. art. 894.1.

The defendant next complains that the trial judge failed to comply with La.Code Crim.P. art. 894.1. This court held in *Williams*, 839 So.2d 1095, 1100:

> The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. *State v. Iron*, 00-1238 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, *writ denied*, 01-1232 (La.3/15/02); 811 So.2d 898.

> Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler*, 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.

The trial court's stated reasons fall short of the statutory requirements. The court stated in support of the sentence:

> My job as a judge is to do two things in this particular case. Number one is to punish, and number two is to protect society from these types of behavior, okay. To be quite honest with you, in my time as a judge, I've really heard of no crime any worse than this particular crime,

especially being the fact that it's your relatives, even though not by blood, by marriage, that this crime was perpetrated on. It makes me think if you'll do this to someone you know, what would you do to somebody you didn't know. And to carry out justice in this case, I believe the only thing I can do is sentence you to ten years on each count to run consecutive, and that's really it. I advise you that you have two years post-conviction relief. So you have a total of thirty years, ten years on each count, okay.

Even though the trial court failed to comply with La.Code Crim.P. art. 894.1, there exists no reason for re-sentencing since the record provides an adequate factual basis. The defendant was in a supervisory familial relationship to the three minor victims. He violated all of his obligations to protect and nurture these children, and violated their trust in the most reprehensible way.

According to one victim, these abuses occurred over a five-year period. Even the defendant admits to a year of abuse. Although he denied such, there was testimony that he threatened his victims, physically punished them for any refusal to do what he demanded and even convinced them that he had their parents' approval to do what he was doing.

Rather than accepting responsibility, he blamed the three victims for apparently seducing him on the occasions of all three victims being with him at one time. While out on bond, prior to his plea, he committed an offense by attempting to purchase a firearm.

Most compelling is the fact that he preyed upon a mentally handicapped child who should have been able to place unconditional trust in him. These facts are sufficient to support the trial court's sentence.

The defendant also urges that the sentences are constitutionally excessive standing alone, and more particularly, when they are run consecutively. He claims that the trial court violated the procedure found in La.Code Crim.P. art. 883, and this

7

court's holding in *State v. Merritt*, 03-946 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, as to consecutive sentences.

*Merritt*, 875 So.2d 80, does not support defendant's argument, but rather offers authority to affirm the trial court's action. The court offered the following analysis:

> Defendant argues that his sentences, totaling eighteen years at hard labor, are excessive because the trial court imposed the sentences to be served consecutively. Defendant does not challenge any of the sentences separately. Defendant argues that the sentences imposed on count two, three and four should have been imposed concurrently because the offenses constituted part of a common scheme or plan, and because he was a first-time felony offender.

> Defendant was found guilty of four counts of cruelty to juveniles, violations of La.R.S. 14:93, which provides for a term of imprisonment of not more than ten years, with or without hard labor. Defendant was sentenced to two years at hard labor on each of counts one and four and seven years at hard labor on each of counts two and three, all sentences to be served consecutively, thus totaling eighteen years at hard labor.

> Louisiana Code of Criminal Procedure Article 883 (emphasis ours) provides, in pertinent part, that "[i]f the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively."

> "[I]n cases involving offenders without prior felony record, concurrent rather than consecutive sentences should be imposed, particularly where the convictions arise out of the same course of conduct. *State v. Jacobs*, 383 So.2d 342 (La.1980); *State v. Cox*, 369 So.2d 118 (La.1979)." *State v. Brown*, 627 So.2d 192, 199-200 (La.App. 3 Cir.1993), *writ denied*, 93-3101 (La.3/18/94), 634 So.2d 850.

> Imposition of consecutive sentences requires particular justification. *State v. Dunbar*, 94-1492 (La.App. 3 Cir. 5/31/95), 657 So.2d 429. "[T]he trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1." *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040.

> Among the factors to be considered are the defendant's criminal history, *State v. Ortego*, [382 So.2d 921, *cert. denied*, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980). *State v. Jacobs*, 493 So.2d 766 (La.App. 2d Cir.1986); the

8

gravity or dangerousness of the offense, *State v. Adams*, 493 So.2d 835 (La.App. 2d Cir.1986), *writ* denied, 496 So.2d 355 (La.1986); the viciousness of the crimes, *State v. Clark*, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, *State v. Lewis*, 430 So.2d 1286 (La.App. 1st Cir.1983), *writ denied*, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, *State v. Jett*, 419 So.2d 844 (La.1982); the defendant's apparent disregard for the property of others, *State v. Parker*, 503 So.2d 643 (La.App. 4th Cir.1987); the potential for the defendant's rehabilitation, *State v. Sherer*, 437 So.2d 276 (La.1983); *State v. Lighten*, 516 So.2d 1266 (La.App. 2d Cir.1987); and whether the defendant has received a benefit from a plea bargain, *State v. Jett, supra; State v. Adams*, *supra*.

*State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied*, 00-1572 (La.3/23/01), 787 So.2d 1010.

At the sentencing hearing, the trial court stated for the record:

The presentence report reveals that Mr. Merritt will turn thirty-six (36) on May 22 of this year. He has been married three (3) times, with two (2) children from the first marriage, one (1) from the second, and none from the third.

. . . .

Mr. Merritt's criminal record indicates a hunting violation in 1995, a simple battery conviction in 2000, a plea of guilty to simple battery on April 11, 2001, a simple battery charge dated July 28, 2000 ... which is pending, and an August 15, 2002, forgery and theft charge, which is pending ... all in Natchitoches Parish. He has a June 30, 2002, second degree battery charge pending in Sabine Parish. The Court does not consider the hunting violation, or the pending charges in sentencing today. However, it is clear that the defendant has a criminal history of crimes against the person that extends beyond his stepdaughter. The May 2000 simple battery conviction was before this Judge. Mr. Merritt was found guilty of beating his natural son, Zachary, with a coat hanger. The April 2001 simple battery plea by him involved him battering his girlfriend. By a judgment of the 11th Judicial District Court, signed November 19, 2002, Mr. Merritt's parental rights to the two (2) children of his first marriage were terminated, apparently for failure to pay child support for a period in excess of four (4) years, and for abuse and neglect of the children. The Court has reviewed the sentencing guidelines set forth in Code of Criminal Procedure Article 894.1, and has taken them into consideration in determining the appropriate sentence here. The Court has reviewed Article 883 of the Code of

Criminal Procedure concerning sentencing when a defendant is convicted of two (2) or more offenses. Where they are based on the same scheme or act, or constitute part of a common scheme or plan, the terms of imprisonment shall be concurrent, unless the Court expressly states otherwise. The Court has considered the guidance provided by the Louisiana Supreme Court in *State v. Thomas*, for the benefit of counsel, 719 So.2d 49, where it said, "although Louisiana law favors concurrent sentences for crimes committed as part of a single transaction, a trial judge retains discretion to impose consecutive penalties on the basis of other factors, including the offenders past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community."

The trial court went on to discuss certain mitigating factors presented to the court, and the Article 894.1 sentencing guidelines. As mitigating factors, the trial court noted that Defendant does not have a prior felony record, that he lost his father, that his mother is ill, that he has health problems, and that he has a good employment record. The trial court then stated:

> The Court placed particular weight on the following sentencing guidelines found in Paragraph B of Article 894.1.[§ ] 2) He knew that the victim was particularly vulnerable or incapable of resistance due to her age. Number 12, he has been involved in other similar offenses to his own son, and to his girlfriend. [§ ] 22) His conduct caused serious harm to his stepdaughter. [§ ] 25) There were no grounds to excuse or justify his conduct. [§ ] 29) The Court is of the opinion that his conduct is likely to reoccur. [§ ] 30) I do not believe he will respond affirmatively to probation because he has twice before been placed on probation for violent offenses, including being sent to anger management to no avail.

> . . . .

> Significantly, he does not express remorse for committing the crimes he was found guilty of [sic]. He only needed to protect her from himself. Mr. Merritt, I am imposing consecutive sentences because, first of all, some of your offenses are not part of a common scheme of plan, and are not part of the same act or transaction. Furthermore, because of your prior history of violence to persons close to you, even though represented by misdemeanor convictions, the terrible injuries to a two (2) year old child here, and because the Court feels that you pose a risk to the general safety of the community insofar as those you seem

10

to enter into relationships with are concerned, consecutive and not concurrent sentences are warranted.

In the case cited above by the trial court, *State v. Thomas*, 98-1144 (La.10/9/98), 719 So.2d 49, the defendant, a first-time felony offender, was sentenced to consecutive terms of imprisonment on three convictions, one of which was armed robbery. The remaining two convictions were offenses which occurred during and after the armed robbery. The supreme court affirmed the trial court's imposition of consecutive sentences, despite the fact the offenses were committed as a part of a common scheme or plan. The supreme court noted:

> Although Louisiana law favors concurrent sentences for crimes committed as part of a single transaction (citation omitted), a trial judge retains discretion to impose consecutive penalties on the basis of other factors, including the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community.

*Id.* at 49. The supreme court went on to state that "[e]ven granting the consecutive nature of the penalties imposed on all three counts, the defendant's total sentence remains within the 35 to 50 year range this Court has found acceptable for first offenders convicted of armed robbery." Id. at 50.

In *State v. Hilton*, 99-1239 (La.App. 1 Cir. 3/31/00), 764 So.2d 1027, *writ denied*, 00-958 (La. 4/9/01), 786 So.2d 113, the defendant received maximum sentences for four convictions, which included indecent behavior with juveniles, molestation of a juvenile, and cruelty to juveniles. Two of the sentences were ordered to be served concurrently, but consecutively with the remaining two concurrent sentences for a total term of imprisonment of seventeen and one half years. Hilton alleged the sentences were excessive in light of the fact she was an abused person herself and that she was a first time felony offender. The first circuit noted:

> A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. A trial court is given wide discretion in imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion.

11

> *Id.* at 1037. *See also State v. Walker*, 00-3200 (La.10/12/01), 799 So.2d 461.
>
> In *Hilton*, the trial court noted for the record the severity of the injuries she inflicted on the children as "most atrocious acts I've ever seen." The trial court noted that the children were only four or five years of age. The first circuit noted: "It is obvious that the judge found that defendant was the worst kind of offender and that the offenses were the most serious." *Hilton*, 764 So.2d at 1038. The first circuit affirmed the trial court's imposition of the maximum sentences and the consecutive application of the sentences.
>
> > While we acknowledge defendant's status as a first felony offender, we believe that the reasons given by the trial court support the sentences. Considering the circumstances of the instant offenses, particularly the reprehensible nature of the crimes and the permanent effect that the offenses will have on the children, we believe that the defendant is one of the most egregious and blameworthy offenders.
> >
> > *Id.*
>
> In the present case, the offenses took place over a period of three months. According to the amended bill of information, two of the offenses, Counts three and four, took place on the same day, August 6, 2001. However, we find that those offenses were neither based on the same act or transaction, nor constituted part of a common scheme or plan. Rather, count four was committed by the Defendant in an attempt to cover up the Defendant's earlier abuse of the victim. We find it was not part of a grand scheme, but a last minute attempt to avoid detection.
>
> Accordingly, we find that the reasons given by the trial court support its imposition of consecutive sentences, particularly in light of the severity of the injuries suffered by the victim, and considering Defendant's misdemeanor criminal history of violence against other persons, including children. Furthermore, much discretion should be afforded the trial court's determination that consecutive sentences were appropriate in this case. See *Walker*, 799 So.2d at 461. This assignment lacks merit.

*Merritt*, 875 So.2d at 97-100.

As in *Merritt*, 875 So.2d 80, in the instant case, the violations were not based

on the same act or transaction, nor did they constitute part of a common scheme or

plan. One victim related abuse over a five-year period, and the defendant admitted

to at least one year. The other two victims were subject to his molestation over a six-month period. With the exception of the one instance where all three children were involved at one time, there is nothing in the record indicating any act of abuse involving all victims at one time.

Further, the defendant's acts reflect a propensity to prey on those unable to protect themselves, particularly as to the mentally handicapped victim. Although denied by the defendant, there was evidence in the record of threats of violence and actual acts of violence by him. While out on bond subsequent to arrest, the defendant sought to purchase a firearm, in violation of the law.

The trial judge noted that this case represented one of the worst crimes, particularly given the defendant's relationship to the victims. He expressed fear that if the defendant would prey upon victims he knew, the probability was high that he would offend against victims he did not know. The facts cited in support of the recommendation that the original sentence was not excessive also support the imposition of consecutive sentences.

The defendant last urges that mitigating evidence was ignored by the sentencing court. The record contains no mitigating evidence to justify a sentence reduction. The defendant was a first felony offender at the time of his arrest, but committed a firearms violation between his arrest and his plea of guilty. Although there was testimony that the defendant was unlikely to be a recidivist, it is clear that the trier of fact found the testimony unreliable and rejected it totally.

## CONCLUSION

The record contains sufficient evidence to establish that the sentences are not constitutionally excessive sentences.  Therefore,  this court  affirms the sentences imposed by the trial court.

**AFFIRMED.**