THIBODEAUX, Chief Judge,
dissenting.
LThe forty-year sentence is excessive under the circumstances of this case, and Defendant received ineffective assistance of counsel during the sentencing stage. The majority concludes that “[w]hile the forty-year sentence may seem harsh to some, it is within the sentencing range set out by the legislators and is within the range of sentences the supreme court has deemed as acceptable for a first time felony offender.”
On both assertions, the majority is wrong. Certainly, the sentence is within the sentencing range. That begs the question of whether it is constitutionally permissible. If the sentence was outside the sentencing range, it would be illegal. The fact that it is within the sentencing range does not ipso facto clothe it with legality. Under this rationale, any sentence between ten and ninety-nine years would be acceptable, and would eliminate the need for an appeal. Further, the Louisiana Su- *250 prerae Court has not deemed such a sentence acceptable for a first time felony offender under the circumstances of this case, as the cases relied upon by the majority are inapposite.
In all of the cases cited by the trial court and relied upon by the majority, the defendants who were convicted of armed robbery were all technically first felony offenders and received sentences of twenty to thirty years | ^imprisonment. However, in several of the cases there were aggravating factors not present in the present case. In State v. Perry, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, writ denied, 09-1955 (La.6/25/10), 38 So.3d 352 and State v. Joseph, 07-1567 (La.App. 3 Cir. 4/30/08), 982 So.2d 310, there were significant injuries inflicted on the victims. Here, there were no injuries. Furthermore, in both Perry and Joseph, the defendants had criminal histories. Here, Defendant has no criminal history.
In State v. Jefferson, 40,439, p. 5 (La.App. 2 Cir. 1/27/06), 920 So.2d 984, 987, the trial court noted there was no remorse, the defendant had a juvenile criminal history, and had a “bad attitude.” Here, Defendant apologized to the victims.
In State v. Jackson, 04-1388 (La.App. 5 Cir. 5/31/05), 904 So.2d 907, writ denied, 05-1740 (La.2/10/06), 942 So.2d 162, the sentences for two armed robberies were sixty years each, to be served concurrently. However, the defendant had been charged with nine counts of armed robbery and one count of criminal conspiracy to commit armed robbery, had gone to trial on only two of the armed robbery counts and the conspiracy count, and had been on a three day crime spree when he was apprehended. Here, only one armed robbery occurred. In Jackson, the fifth circuit noted that “[i]n cases similar to the present one, where the defendant does not have a criminal history and the armed robbery did not involve the discharge of a weapon or any physical injury to the victims, the sentencing range is between 20-40 years.” Id. at 916.
In State v. Singletary, an unpublished opinion, 10-354 (La.App. 3 Cir. 11/03/10), 50 So.3d 989, writ denied, 10-2657 (La.4/25/11), 62 So.3d 87, there were several charges that were dismissed when the defendant pled guilty to armed robbery and was sentenced to twenty-five years imprisonment, plus five years because he used a firearm.
IsFinally, in State v. Lewis, 39,263 (La.App. 2 Cir. 1/26/05), 892 So.2d 702 and State v. Square, 433 So.2d 104 (La.1983), the sentences were twenty years and twenty-five years, respectively. In the current case, the trial court, without finding any of the additional aggravating circumstances in the above cases present in the current case, sentenced Defendant to forty years imprisonment.
I recognize that a trial court has vast discretion when imposing a sentence. I also recognize that in State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, the supreme court observed, in dictum, that a thirty-five to fifty year sentence range was acceptable for a first time felony offender. Smith, however, relied on State v. Thomas, 98-1144 (La.10/9/98), 719 So.2d 49, which involved consecutive sentences on armed robbery, aggravated escape, and possession of a firearm by a convicted felon. The defendant’s action endangered deputies, court personnel, and the public. Further, the defendant in Thomas fled with her husband and eluded capture for eight days. Smith also relied on State v. Augustine, 555 So.2d 1331 (La.1990) which involved actual violence during the commission of an armed robbery.
Considering that the trial court and the majority, in an effort to support the impo *251 sition of the forty year sentence, cited cases that had lower sentences but more aggravating circumstances, I find the sentence of forty years at hard labor without the benefit of parole, probation, or suspension of sentence is a needless infliction of pain and suffering compared to other cases in this jurisdiction and other jurisdictions. Moreover, in State v. Clayton, 10-1303 (La.App. 3 Cir. 5/4/11), 64 So.3d 418, writ denied, 11-1015 (La.11/4/11), 75 So.3d 923, wherein this court affirmed a twenty-seven year sentence imposed on a defendant who committed an armed robbery and who was a second felony offender, this court commented on the reasoning the trial court in State v. Mason, 39,936, pp. 3-4 |4(La.App. 2 Cir. 8/17/05), 908 So.2d 1250, 1253 (emphasis added), gave for the habitual offender minimum sentence of forty-nine and one half years, as follows:
Armed robbery is, by definition, a dangerous crime, which often leads to death or serious injury. The victims of armed robbery are often physically harmed or otherwise traumatized for life. On this record, we can find no error in the imposition of this sentence, which most assuredly does not shock the sense of justice, and is not a needless infliction of pain. The penalty is admittedly harsh, though not unduly so. The legislatively-mandated sentence is severe, precisely because the crime of armed robbery is so reprehensible, even more so when committed by one who is already a felon. (Emphasis added).
Considering the facts and circumstances of this case, defense counsel’s failure to file a written motion to reconsider the sentence setting forth specific grounds constituted defective performance. Defense counsel had thirty days from the date of the sentencing in which to research the issue and prepare to plead the case. La. Code Crim.P. art. 881.1.
In brief, Defendant argues:
In mitigation, the judge noted the hardship imprisonment would cause to his family and a lack of a prior record. Although previously commented upon, the judge did not note in mitigation the emotional state Michael Gordon was in at the time of the offense, the remorse he has repeatedly shown for his actions and his acceptance of responsibility.
The judge specifically commented “... although the prior case law says twenty and twenty five years for first time offenders those are first time eighteen, nineteen, twenty, twenty five year old offenders not a forty six year old man who had everthing and knew better ... ”. Immediately following this comment, the judge imposed upon Michael David Gordon a sentence of forty years with the Department of Corrections without the benefit of parole, probation, or suspension of sentence.
A review of the transcript indicates that the judge considered Mr. Gordon’s age to be an aggravating factor, deserving of a harsher sentence than a man twenty years younger. Additionally, despite acknowledging several factors which should have been considered as mitigating factors during his comments on the record, when he | ¡^specifically listed the mitigating factors, he listed only two-the hardship to the family (which he discounted as being present in every case) and Mr. Gordon’s lack of a prior criminal record. The judge did not consider as mitigation, those factors set forth in article 894.1(B)(23), (24), (27), (29), and (33). Most important is Mr. Gordon’s repeated and extreme remorse for the crime. He even apologized during the commission of the crime which suggests he did not contemplate that his *252 actions would threaten serious harm. Furthermore, Mr. Gordon’s mental state at the time of the crime was outlined in detail by the judge but was given little or no weight in the ultimate sentence. The judge acknowledged that the bank had been made whole but, despite this, he found the economic loss to the bank to be an aggravating factor.
Considering the above arguments regarding the trial court’s failure to adequately apply aggravating and mitigating factors and the comparison of sentences for similar crimes, I conclude there was a reasonable possibility that the trial court would have reconsidered the sentence and reduced the sentence to be commensurate with the circumstances of Defendant’s actions and the legislative intent behind the punishment. The legislature created a sentencing range for armed robbery of no less than ten years and no more than ninety-nine years — an eighty-nine year spread. The vast spread was because there are multiple and varying circumstances involved in the crime of armed robbery as noted above, and the trial courts are granted much leeway in which to impose punishment.
For the reasons previously articulated, Defendant’s sentence makes no meaningful contribution to acceptable penal goals and is, therefore, constitutionally excessive in this case. For the foregoing reasons, I respectfully dissent.