# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-516

**STATE OF LOUISIANA**

**VERSUS**

**BARRY G. ROY**

**AKA - BARRY ROY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 181963-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**SENTENCES AFFIRMED WITH INSTRUCTIONS.**

**Charles A. Riddle, III**
**District Attorney**
**Norris Joseph Greenhouse**
**Assistant District Attorney**
**12th Judicial District Court**
**417 North Main Street**
**Marksville, Louisiana 71351**
**(318) 253-6394**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2806**
**Monroe, Louisiana 71207**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Barry Roy**

**CONERY, Judge.**

Defendant, Barry Roy, was charged by grand jury indictment with two counts of molestation of a juvenile while the juveniles were under his supervision and control, violations of La.R.S. 14:81.2. The victim of the first count was C.A.,[1] and the victim of the second count was A.B. C.A. and A.B. were both under the age of seventeen at the time of the offenses. Defendant entered pleas of not guilty to both counts. Thereafter, Defendant was tried by a jury and found guilty of both counts.

Following trial but before sentencing, the State filed a habitual offender bill against Defendant, charging Defendant as a second habitual offender. Defendant entered a plea of not guilty to the charge. Defendant filed a "Motion for New Trial for Newly Discovered Evidence." Prior to the hearing on the Motion for New Trial and before sentencing, a hearing was conducted on the multiple offender charge and Defendant was adjudicated a second habitual offender as to both counts of molestation of a juvenile. The court ordered a pre-sentence investigation and set a date for the hearing on the Defendant's motion for new trial and for sentencing without objection. The motion for new trial and sentencing eventually was heard together, without objection, on December 18, 2014.

At the sentencing hearing, the trial court ultimately denied Defendant's motion for new trial and sentenced Defendant to ten years at hard labor on each count, to run consecutively. Defendant then filed a "Motion to Reconsider Sentence Imposed Pursuant to the Habitual Offender Law, La.R.S. 15:529.1," which the trial court denied. Defendant filed a pro se "Motion for New Trial."

_____

[1] The victims' initials are used here to protect their identity pursuant to La.R.S. 46:1844(W).

The trial court scheduled a hearing on Defendant's pro se motion and again denied the motion to reconsider sentence filed by Defendant's counsel and the pro se motion for new trial filed by Defendant.

Defendant then filed a "Notice of Appeal and Motion to Substitute Counsel," which the trial court granted that same date. Now before this court are two separate appeals. Record number 15-515 is the appeal of Defendant's conviction for two counts of molestation of a juvenile (lower court #173084). A full recitation of the underlying facts and our affirmation of the defendant's convictions is incorporated herein for reference. Our record number 15-516 in this case is the appeal of Defendant's habitual offender adjudication and sentences (lower court #181963-A).

In his appeal as to the sentences in 15-516, Defendant alleges that the sentences imposed were unconstitutionally excessive and that the trial court failed to articulate a sufficient basis for imposition of consecutive sentences. For the following reasons, we affirm Defendant's sentences and instruct the trial judge to give proper notice of the time delays for the defendant to apply for post conviction relief.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are two potential errors patent.

As to the first, La.Code Crim.P. art. 873 requires a sentencing delay of twenty-four hours after the denial of a motion for new trial or in arrest of judgment, unless the defendant expressly waives the delay or pleads guilty, in which case the sentence may be imposed immediately. In this case, although we

2

find that the twenty-four hour delay did not occur and defendant did not expressly waive the delay, we further find that Defendant impliedly waived the delay required by La.Code Crim.P. art. 873 and we choose not to vacate and remand for resentencing.

On March 11, 2014, Defendant's trial concluded and sentencing was set for April 17, 2014. Sentencing was continued and reset several times. In the interim, on August 7, 2014, the State filed a habitual offender bill charging Defendant as a second felony offender on each of the two counts of molestation of a juvenile pursuant to La.R.S. 15:529.1 and La.R.S. 14:81.2. On September 5, 2014, the defense filed a motion for new trial based on newly discovered evidence. Defendant was then adjudicated a habitual offender in a hearing held October 2, 2014. The court ordered a pre-sentence investigation, and Defendant's motion for new trial and sentencing was fixed for November 6, 2014. There are no court minutes dated November 6, 2014; however, court minutes from December 16, 2014 reflect that the hearing on the motion for new trial and sentencing was continued to December 18, 2014. On December 18, 2014, the court, assessing the status of the case, confirmed that Defendant had been adjudicated a habitual offender and was present in court for sentencing. Defense counsel pointed out that there was a pending motion for new trial and agreed that it would be heard "all at the same time." The trial court proceeded to determine the relevant sentencing provisions and entertained the attorneys' arguments concerning sentencing. When the court asked if Defendant wished to say anything prior to sentencing, he presented argument challenging the victim's testimony. Defense counsel then offered argument on the motion for new trial and pointed out that the court must rule on the motion prior to imposing the sentences. The court ultimately disagreed

3

with the defense's arguments presented in support of its motion for new trial on the record, but neglected to say that he denied the motion for new trial at that time and immediately proceeded with sentencing. Immediately after the trial judge imposed Defendant's sentences, he stated that although he forgot to say the motion for new trial was denied, it was denied for the reasons he previously stated. For purposes of La.Code Crim.P. art. 821's requirement that a motion for new trial be disposed of prior to sentencing, we interpreted the judge's disagreement with the defense's arguments on the motion for new trial as an implicit denial. This was later reiterated by the judge's express denial of the motion.

After the judge expressed his disagreement with the defense's arguments in support of the motion for new trial, he did not ask the parties whether they were ready to proceed with the sentencing, and the trial court did not ask Defendant if he wanted to waive the twenty-four hour delay required by La.Code Crim.P. art. 873. Accordingly, we find that there was no express waiver of the twenty-four hour delay before sentencing. Thus, we now address whether Defendant impliedly waived the required twenty-four hour delay.

In *State v. Westmoreland*, 10-1408, pp. 3-5 (La.App. 3 Cir. 5/4/11), 63 So.3d 373, 377-78, *writ denied*, 11-1660 (La. 1/20/12), 78 So.3d 140 (footnote omitted), this court held:

> However, there is no violation of Article 873 where there is an express or implied waiver of the delay. *State v. C.S.D.*, 08-877 (La.App. 3 Cir. 2/4/09), 4 So.3d 204. A defendant can expressly waive the delay when he announces his readiness for sentencing or responds affirmatively when the trial court asks if he wants to be sentenced on that date. *State v. Schmidt*, 99-1412 (La.App. 3 Cir. 7/26/00), 771 So.2d 131, *writ denied*, 00-2950 (La.9/28/01), 798 So.2d 105, *cert. denied*, 535 U.S. 905, 122 S.Ct. 1205, 152 L.Ed.2d 143 (2002). A panel of this court has previously found that a defendant may impliedly waive the delay where there is evidence in the record that the defendant was aware of the sentencing date, did not

object to the delay, and participated in the sentencing hearing and where the trial court thoroughly set forth its reasons for sentencing. *Id.*

In *State v. Bergeron*, 14-608, pp. 3-4 (La.App. 3 Cir. 11/5/14), 150 So.3d 523, 527, this court found an implied waiver of the La.Code Crim.P. art. 873 delay under the following circumstances:

> [A]t the conclusion of the trial, sentencing was set for August 1, 2013. On July 22, 2013, the defense filed a motion for a complete transcript of the proceedings and a motion for continuance. Sentencing was continued to October 3, 2013. On September 25, 2013, the court continued the matter to November 7, 2013, due to the requested transcript being incomplete. Minutes dated October 4, 2013, indicate that defense counsel was present in court when sentencing was refixed for December 2, 2013. The post-trial motions filed by the defense on November 25, 2013, were set for hearing on December 2, 1013. Thus, the record indicates the defense was aware the sentencing would be taken up on December 2, 2013.
>
> The defense voiced no objection when sentencing was taken up immediately after the denial of the post-trial motions. After the victim addressed the court, the defense presented witnesses and evidence in support of the imposition of a lenient sentence. The trial court's comments prior to imposing sentence clearly indicated that it had carefully considered what would be appropriate sentences to impose, and the sentences were supported with ample reasons. We note that in his brief to this court, defense counsel does not assign as error the trial court's failure to delay sentencing and he does not allege any prejudice as a result of the error. This court finds the facts in this case support an implied waiver of the delay required by La.Code Crim.P. art. 873, so we find no errors patent.

In the present case, we find that Defendant did not request a continuance of sentencing, nor did he object to being sentenced at that time. The record does indicate that Defendant was aware that he was to be sentenced on that date, and he testified on the issue of the motion for new trial and the issue of sentencing. His attorney expressly agreed to have both issues heard together "at the same time". Defense counsel presented argument at the sentencing hearing on both issues and the trial court set forth its reasons for denying the motion for new trial and its

5

reasons for sentencing. In Defendant's brief to this court, Defendant challenges his sentences, but does not allege any prejudice as a result of the possible La.Code Crim.P. art. 873 violation. Thus, we find the facts in this case support an implied waiver of the delay required by La.Code Crim.P. art. 873 in line with *Westmoreland* and *Bergeron*. We find no error patent regarding La.Code Crim.P. art. 873.

We do, however, instruct the trial court to properly advise Defendant as to the time limitation for filing an application for post-conviction relief.

Louisiana Code of Criminal Procedure Article 930.8 provides the defendant has two years *after the conviction and sentence become final* to seek post-conviction relief. In this case, however, the trial court stated: "You have two years to apply for Post Conviction Relief and you're appellate rights within five days." In failing to advise Defendant that the time begins to accrue once the conviction and sentence become final, the advisement was insufficient. Therefore, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 within ten days of the rendition of this opinion and is to file written proof in the record that the defendant received the notice.

## ASSIGNMENT OF ERROR

In docket number 15-516, Defendant asserts as an assignment of error that his ten year consecutive sentences on each of two counts of molestation of a juvenile are excessive. For the following reasons, we find the sentences are not excessive and affirm both sentences.

Defendant was sentenced as a second habitual offender on each count of molestation of a juvenile to ten years at hard labor, with the sentences to run consecutively. Defendant was convicted of molestation of two separate juveniles

while Defendant exercised supervision or control over both juveniles. Thus, under the original sentencing provisions of each count, Defendant was exposed to a fine of not more than ten thousand dollars, and/or imprisonment, with or without hard labor, for not less than five, nor more than twenty years. *See* La.R.S. 14:81.2(B)(2). Pursuant to a habitual offender bill filed by the State, Defendant was adjudicated a second habitual offender on each count. Thus, Defendant was exposed to a sentence of not less than one-half the longest term and not more than twice the longest term prescribed for the principal offense. *See* La.R.S. 15:529.1(A)(1).[2] Accordingly, on each count of molestation of a juvenile, second habitual offender, Defendant was exposed to a term of imprisonment of ten to forty years on each count. The trial court imposed the minimum ten year sentence on each count, to run consecutively.

Before the trial court imposed the above sentences, defense counsel argued that because the sex was consensual, the minimum sentences should be imposed concurrently. Acknowledging that it was within the trial court's discretion to order the sentences to run consecutively, defense counsel specifically requested that the trial court order the sentences to run concurrently. The trial court then stated the following before imposing the sentences:

> This is a difficult case however, it's a habitual offender sentencing. And that takes some of the discretion out because Mr. Roy what that means is that I've got to give you not less than not less than half of the longest term. The longest term is twenty and that means that the longest term is let me go back so I don't miss state [sic] under Subsection 2. The longest term is twenty so it's at least ten not less than ten and or, or up to up to twice of the twenty years or up to forty. So, he can get anywhere from ten to forty years. What the girls testified to although I think their I do think if there's any mitigating factor here an aggravating factor is that there was grooming and then

---

[2]At sentencing, the trial court determined that La.R.S. 15:529.1(A)(1) applies rather than the harsher penalty provision set forth in La.R.S. 15:529.1(A)(2).

7

sexual relations with one of the girls at least once and another one. The only mitigating factor is that the one who had sex with you many times according to her testimony seems to have moved on with her life and adjusted terribly in other things for other reasons. And seemed to be more jealous than anything else rather than disturbed by what by what all happened. That's a mitigating factor. Aggravating factor is he is pursuant to 81.2 Subsection 2, you had control or supervision over the girls as a father figure. And according to their testimony was the jury believed, you groomed them and then had the sexual encounters. And I feel the only unfair fair [sic] sentence as to each count has got to be consecutive unfortunately for you but it's going to be the minimum under the habitual offender doctrine but it is consecutive. So, it's so I am going to sentence you to ten years as to Count 1 and ten years as to count 2 but those are consecutive sentences.

After the imposition of the sentences, on December 23, 2014, Defendant timely filed a "Motion to Reconsider Sentence Imposed Pursuant to the Habitual Offender Law, La.R.S. 15:529.1". In the motion, Defendant asserted that the sentences were excessive, as they were ordered to be run consecutively, that the State failed to prove the cleansing period between the prior conviction under the habitual offender statutes and the conviction and sentence for the subject convictions had not lapsed, and that the predicate felony was obtained in violation of his *Boykin* rights. The trial court denied the motion that same date without a hearing. Defendant then filed a pro se motion for new trial. At a hearing on February 3, 2015, the trial court addressed the motion for new trial as well as the previously denied counsel filed motion to reconsider. Defendant's attorney informed the trial court that the motion to reconsider sentence was filed because he felt the sentences should have been ordered to run concurrently rather than consecutively.

8

Although the original sentences were imposed by Judge Jeansonne, the motion to reconsider sentence was heard by Judge Kerry Spruill.[3] When Judge Spruill asked defense counsel if he had a legal basis for the request for concurrent sentences, defense counsel responded, "Your Honor as far as I can tell no. The sentence was, was everything was done correctly as far as far as I am aware." The State argued that the convictions involved two different victims, and the minimum term of imprisonment was imposed to run consecutively. Judge Spruill denied the motion to reconsider sentence, as well as the Defendant's pro se motion for new trial.

In brief, appellate counsel argues that the trial court improperly considered Defendant's supervision and control of the victims as an aggravating factor since this fact had already caused the sentencing range to be enhanced. Additionally, appellate counsel challenged the trial court's determination that Defendant acted as a 'father figure" because the evidence at trial was minimal. We find, however, that appellate counsel is precluded from raising these arguments on appeal since they were not raised in the lower court. *See* La.Code Crim.P. art. 881.1(E).

Appellate counsel also argues that the sentences imposed were excessive in that they needlessly and purposelessly imposed pain and suffering. Appellate counsel contends that the trial court failed to give sufficient reasons for the sentences imposed by failing to discuss Defendant's personal history, his work history, and his criminal history (other than the predicate listed in the habitual offender bill).

---

[3] Judge Jeansonne retired as judge, and Judge Spruill was reelected as judge in that same court section effective January, 2015.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

. . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of - the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by

each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 11-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91.

The trial court imposed the minimum term of imprisonment on each count. Louisiana Code of Criminal Procedure Article 883 provides in pertinent part:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

As stated previously, the trial court ordered the sentences imposed in the present case to be served consecutively. Since the sentences were for two separate offenses involving two separate victims, the offenses were not based on the same act or transaction or part of a common scheme or plan. Thus, in accordance with La.Code Crim.P. art. 883, the sentences imposed for the offenses would be served consecutively unless the trial court specifically ordered otherwise. *See State v. H.B.*, 06-1436, p. 7 (La.App. 3 Cir. 4/4/07), 955 So.2d 255, 260, where this court stated, "Review of the jurisprudence shows that different victims, places, or dates mean different transactions and different schemes or plans." Hence, we find that the trial court did not abuse its discretion by imposing consecutive sentences in the present case.

In *State v. Thibodeaux*, 05-1187 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, *writ denied*, 06-700 (La. 10/6/06), 938 So.2d 65, this court upheld three ten-year-consecutive sentences after Thibodeaux pled guilty to three counts of molestation of a juvenile. The offenses in *Thibodeaux* were not based on the same act or

11

transaction and occurred over a five-year period for one victim and over a six-month period for the other two victims. *Id.* at 1214. This court further noted that Thibodeaux's acts reflected a propensity to prey on those unable to protect themselves, particularly the mentally handicapped victim. *Id.* The record contained evidence of threats of violence and actual acts of violence by Thibodeaux as well as evidence that Thibodeaux sought to purchase a firearm while out on bond. *Id.*

In *State v. Mickens,* 31,737 (La.App. 2 Cir. 3/31/99), 731 So.2d 463, *writ denied*, 99-1078 (La. 9/24/99), 747 So.2d 1118, the second circuit upheld consecutive sentences for one count of molestation of a juvenile and one count of indecent behavior with a juvenile (both offenses committed against the same victim). Mickens was sentenced to ten years for molestation of a juvenile and seven years for indecent behavior with a juvenile. In particular, the second circuit noted that Mickens was in a common-law relationship with the victim's mother and violated his paternal role in the commission of the crimes. *Id.* at 472. Additionally, the second circuit noted that consecutive sentences are not uncommon in cases involving acts of molestation over an extended period of time by persons in the same household as the victim. *Id.* at 473.

Considering the above statutory and jurisprudential authority, we find the trial court did not abuse its discretion in imposing the minimum sentences, albeit consecutively. Defendant's assignment of error lacks merit.

## DISPOSITION

We find an implied waiver of the delay required by La.Code Crim.P. art. 873. Further, we find that Defendant's sentences are not excessive. Defendant's sentences are affirmed. We direct the trial court, however, to inform Defendant of

12

the provisions of La.Code Crim.P. art. 930.8 by sending written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

**SENTENCES AFFIRMED WITH INSTRUCTIONS.**